928 F.2d 248
 66 Ed. Law Rep. 570
 LITTLE ROCK SCHOOL DISTRICT; Mrs. Lorene Joshua, etc., et
al.; Pulaski County Special School District No.
1, et al.; and North Little Rock School
District, et al., Appellants,
v.
ARKANSAS STATE BOARD OF EDUCATION, et al., Appellees,
Nola Burl, etc., et al., Intervenors/Appellees.
 Nos. 89-2288EA, 89-2289EA, 89-2352EA, 89-2353EA, 90-1165EA,
90-1166EA, 90-1167EA, 90-1579EA and 90-1580EA.
 United States Court of Appeals,
Eighth Circuit.
 March 11, 1991.
 
 Before ARNOLD, Circuit Judge, HEANEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.ORDER
 
 
 1
 We have before us the motion of the Joshua intervenors for an award of fees and costs against the appellee Arkansas State Board of Education. The award is sought under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. Sec. 1988.
 
 
 2
 There is no doubt that the Joshua intervenors are prevailing parties. Moreover, the Arkansas State Board of Education, which we shall refer to as the State for convenience, did not prevail on the one issue as to which it entered an appearance and filed an appellee's brief: whether the District Court erred in imposing conditions upon its approval of the financial settlement agreement. We nevertheless believe that the motion should be denied, for the following reasons, all of which, taken together, amount to special circumstances that would make such an award unjust.
 
 
 3
 1. Counsel for the Joshua intervenors have already been granted a large sum, amounting to some $3,000,000, plus awards previously made in individual appeals at earlier stages of this litigation. The State's share of this award is $750,000, plus an additional amount of $2,000,000 which it is advancing against LRSD's share of future payments from the State. These payments were made by agreement, and they covered "the work performed in this Litigation...." Settlement Agreement, p. 21 (Sept. 28, 1989). The payments were to be "due and payable on final approval ..." of the financial settlement. Id. The Joshua intervenors now have final approval of their settlement. They may not have foreseen the necessity of an appeal to preserve the settlement, but we cannot ignore the fact that counsel has been well compensated, and on a basis that was not closely tied to hours of work actually expended.
 
 
 4
 2. The Burl intervenors, not the State, presented the most significant opposition to the Joshua intervenors on these appeals. The Joshua parties have chosen not to seek any award of fees and costs against the Burl intervenors.
 
 
 5
 3. The State opposed the position of the Joshua intervenors in only one discrete part of the case--the question of the legality of three conditions that the District Court imposed upon its approval of the financial settlement agreement. As to one of these conditions, the issue became moot while the appeal was pending. As to the other two, the Joshua intervenors prevailed as against the State, but the State's position was actually taken only in the alternative: its brief, p. 6, made clear that it would be content with a result on appeal approving in its entirety the settlement agreement, without conditions. The interest of the State was simply in having the settlement agreement upheld in some form, so as to avoid a costly remand or, worse yet, having to litigate the merits of the question of liability when it had already agreed to a settlement fully acceptable to the Joshua intervenors. With respect to the other issues on the appeals, the State took no position. It is true, as the Joshua intervenors argue, that the State did not appeal any of the other issues--that is, that the State did not affirmatively support the Joshua intervenors with respect to these other issues. This factor, however, is not sufficient, in our judgment, to justify treating the State as an adverse party across the board.
 
 
 6
 4. For all of these reasons, it is our judgment that an award of additional fees and costs against the State would be unjust, and the motion of the Joshua intervenors is, in the exercise of our discretion, denied.
 
 
 7
 It is so ordered.